# EXHIBIT A

FILED
17 DEC 04 PM 4:02

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-30664-9 SEA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR KING COUNTY

| | |
|---|---|
| DAVID GOLDEN (alias G., JEREMY THUNDERCLOUD, JOHNY BIGFISH), an individual,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPT OF TRANSPORTATION; WASHINGTON STATE AUDITOR; US OFFICE OF THE INSPECTOR GENERAL;US DEPT OF LABOR; US DEPT OF JUSTICE; WASHINGTON STATE ATTORNEY GENERAL'S OFFICE; BOB FERGUSON, individually and the marital community composed thereof; DANA DELUE, individually and the marital community composed thereof; JENNY DURKAN, individually and the marital community composed thereof, BARACK OBAMA, individually and the marital community composed thereof; CHRISTINE GREGOIRE, individually and the marital community composed thereof; PAULA HAMMOND, individually and the marital community composed thereof; JAY INSLEE, individually and the marital community composed thereof; LYNN PETERSON, individually and the marital community composed thereof; TREVOR OSBORNE, individually and the marital community composed thereof; PETER PETRICH, individually and the marital community composed thereof; THURSTON CO. SUPERIOR CT.; HON. CAROL MURPHY, individually and the marital community composed thereof; SHELLEY BRANDT, individually and the marital community composed thereof; SCOTT NICHOLSON, individually and the marital community composed thereof; TODD HARRISON, individually and the marital community composed thereof; TOM STEYER, individually and the marital community composed thereof; THE DEMOCRATIC PARTY, SINCLAIR BROADCAST, BETH ANDRUS, individually and the marital community composed thereof; KING CO. SUPERIOR COURT, WASHINGTON STATE LEGISLATURE, and SOUND TRANSIT,<br><br>Defendants. | NO:   17-2-30664-9 SEA<br><br>COMPLAINT FOR DAMAGES AND OTHER RELIEF<br><br>(COMPLAINT REVISED TO ADD SOUND TRANSIT as defendant TO COUNTS 1-3 and WSDOT as defendant TO COUNTS 1, 2, and 7) |

David Golden
11826 N Mayfair Rd. #28
Spokane, WA 99218
goldend3@gmail.com
(360)915-2612

COMPLAINT FOR DAMAGES – 1

Plaintiff, David Golden, an individual, alleges as follows:

1. **PARTIES**

1.1　David G. (plaintiff, herewith referred to as G.), was a licensed engineer practicing structural engineering at:

1.2　Washington State Dept. of Transportation (WSDOT) bridge office. He filed a whistleblower report with:

1.3　Washington State Auditor's office (SAO) alleging faulty work. SAO sent his complaint to:

1.4　Office of the Inspector General (OIG). OIG did not investigate but action was required as G. had independently originated a complaint alleging harassment under 6 US §1142 with:

1.5　US Dept. of Labor (US DOL).

1.6　US Dept. of Justice (US DOJ) arranged "independent" alternate dispute resolution in *Golden v WSDOT* (0-1960-13-043) in August, 2013 with:

1.7　Washington State Attorney General's Office (ATG), headed by:

1.8　Bob Ferguson, ATG "elect" against:

1.9　Dan Delue, who served as G.'s attorney representing his interests in the matter.

1.10　Jenny Durkan worked as US Attorney for US DOJ during the time of G.'s complaint. She was appointed to this post by:

1.11　Barack Obama, President of the United States (POTUS). Durkan also serves(d) as personal attorney to:

1.12　Christine Gregoire, who signed into law the Seattle tunnel "mega"project. Gregoire appointed:

1.13　Paula Hammond secretary of WSDOT. Hammond also performed work on the 520 bridge "mega"project.

1.14　Jay Inslee was governor "elect" during the time of G.'s OHSA complaint. He appointed:

1.15　Lynn Peterson secretary of WSDOT, replacing Hammond. Peterson filed an "independent" temporary restraining order (TRO) against G. alleging harassment. G. was represented by:

1.16　Trevor Osborne, who served as G.'s attorney representing his interests in the matter. Osborne worked under guidance of:

COMPLAINT FOR DAMAGES – 2

David Golden
11826 N Mayfair Rd. #28
Spokane, WA 99218
goldend3@gmail.com
(360)915-2612

1.17 Peter Petrich (presumably of the Clare Petrich family).

1.18 Hon. Carol Murphy serves as Presiding Judge in the:

1.19 Thurston County Superior Court.

1.20 Shelley Brandt is an attorney "practicing law" in Olympia, WA.

1.21 Scott Nicholson (WSDOT) served as labor relations manager for WSDOT during the time of G.'s whistleblower complaint.

1.22 Todd Harrison (WSDOT) was appointed acting supervisor of the bridge office after G. filed his whistleblower complaint with SAO. Harrison also served as chief negotiator for WSDOT during the time of OSHA mediation.

1.23 Tom Steyer is a "philanthropist" and contributor to the:

1.24 "Democratic" party.

1.25 Sinclair Broadcast (SBGI) is "the largest and most diversified television broadcasting company in the country today".[1] SBGI acquired KOMO news and Fisher Plaza in August of 2013.

1.26 Hon. Beth Andrus serves as Chief Civil Judge in the:

1.27 King County Superior Court.

1.28 Washington State Legislature (WALeg) holds taxing authority for the people of Washington State. WALeg takes significant campaign donations from the labor unions.

1.29 Sound Transit's mission is to "Build and provide for the operation of the regional express bus, commuter rail and light rail services and facilities as described in *Sound Move* to create an integrated regional high-capacity transportation system serving the three-county Sound Transit District. Do so in partnership with public agencies and jurisdictions, relevant private sector and other interests *[sic]*, and the citizens we serve *[sic]*".

II. **JURISDICTION AND VENUE**

2.1 Plaintiff G. restates, as though fully set forth herein, each and every claim, assertation, and allegation contained in the preceding paragraphs.

---

[1] sbgi.net

David Golden
11826 N Mayfair Rd. #28
Spokane, WA 99218
goldend3@gmail.com
(360)915-2612

COMPLAINT FOR DAMAGES – 3

2.2   Venue is correct because amongst other things, Washington State Legislature imposed a tariff on gas in 2015 for Seattle area residents (where defendants (p)reside). The tariff's purpose was to, amongst other things, increase spending on government "mega" projects. Bonds were issued by the state, through their representative, to cover the "mega" projects against the surety of this tax increase at the pump.

### III. FACTUAL ALLEGATIONS

3.1   Plaintiff G. restates, as though fully set forth herein, each and every claim, assertion, and allegation contained in the preceding paragraphs.

3.2   G. brought concerns alleging faulty work in practice of bridge inspection to supervisor, SAO, and Hammond in late 2012. SAO forwarded this information to OIG, who did not investigate the substance of his complaint.

3.3   On 2/22/13, and under alias Jeremy Thundercloud, G. electronically filed a FOIA request for WSDOT employee Harvey Coffman, amongst others.

3.4   On 3/29/13, and under true name David Golden, G. electronically filed a federal complaint for harassment under 6 US § 1142. He made this complaint without guidance of counsel.

3.5   On 4/12/13, and under alias Johny Bigfish, G. electronically filed a FOIA request for WSDOT employees Peterson and Hammond, amongst others.

3.6   On 4/23/13, Peterson moved into a home located at 204 17th AVE SE, a short distance from G.'s own. This particular home had been on the market for some time.

3.7   On 4/25/13, Peterson filed a complaint in the Thurston Co. Dist. Ct. It was an "*Ex Parte* TRO" against G. (see *Peterson v. Golden* AH13-54), alleging harassment. Witness to G.'s alleged behavior were Peterson, Brandt, Nicholson, Harrison, and a third party locksmith.

3.8   On 5/16/13, US Department of Labor (US DOL) responded to G.'s own allegations of harassment against WSDOT.

3.9   On 5/23/13, the Skagit R. I-5 truss was struck by an over-height load; multiple sway struts were damaged (see *State v. Mullen Trucking, et al.* No. 76310-5). Ultimately, this action resulted in a buckling of the top chord, and subsequent bridge collapse. G. was not interviewed by any defendants about his knowledge of the subject matter (other than Delue and Osborne).

3.10  On 6/17/13, Osborne, settled Peterson's TRO allegation of harassment against G. by agreement (see *Peterson v. Golden No. AH13-54*). At time of allegation, US DOL had not responded to G.'s OSHA complaint. When US DOL did finally respond, Osborne excluded himself from the proceedings saying it was a "separate case". As for the TRO matter, Osborne advised G. to forego trial and settle with an "ostensible acquittal" due to problems with the third party

COMPLAINT FOR DAMAGES – 4

David Golden
11826 N Mayfair Rd. #28
Spokane, WA 99218
goldend3@gmail.com
(360)915-2612

|   |      |   |
|---|------|---|
| 1 |      | locksmith witness whom Osborne regarded to G. as unreliable. G. was unable to recover attorney |
| 2 |      | fees in the matter. |
| 3 | 3.11 | On 8/13/13, Dana Delue, settled G.'s OSHA complaint for $70,000. This amount was |
| 4 |      | significantly larger than Delue recommended prior to mediation. Delue advised G. to forego trial |
| 5 |      | due to his *significant mental disability.* Delue did not subpoenae or depose any witnesses in G.'s |
| 6 |      | defense. Delue advised G. that he had no case at all as there was no safety issues because |
| 7 |      | WSDOT had said so. Delue advised G. that his best course of action was to drop all pending bar |
| 8 |      | complaints that he had made. G. was unable to recover attorney fees and he incurred tax liability |
| 9 |      | in the matter. |
| 10 | 3.12 | On 9/4/14, Steve Rogers (WSF) was reprimanded by Lynn Peterson with collaborating testimony |
| 11 |      | from Scott Nicholson (now serving as labor manager for Jay Inslee). G. contacted Delue about |
| 12 |      | the matter who advised no action. |
| 14 | 3.13 | On 3/23/15, Bridge 08557500 (substance of G.'s original OSHA complaint), was found to be |
| 15 |      | under contract replacement. Plaintiff G. learnt of this whilst travelling to Pioneer Square in south |
| 16 |      | Seattle (to speak to property owners experiencing building damage resulting from WSDOT's |
| 17 |      | construction activities). G. was told by WSDOT that there were no safety concerns with this |
| 18 |      | bridge at the time of the OSHA settlement (see Paragraph 3.11). |
| 19 | 3.14 | In April of 2015, Bridge #410/ 101 (SID 0003523A) was damaged by an over-height load. |
| 20 |      | WSDOT wrongly identified this bridge as being correctly posted to media sources. |
| 21 | 3.15 | On 7/15/15, Jay Inslee, signed into law a $16.1 billion gas tax. |
| 23 | 3.16 | On 5/31/16, Delue sent G. a *cease and desist order* (via court representative). |
| 24 | 3.17 | On 10/4/16, G. filed a tort claim against the state of Washington for $16,000,000,000.00 in actual |
| 25 |      | damages. This claim was denied. |
| 26 | 3.18 | On 10/9/16, ATG reached a $50,000,000.00 settlement with plaintiffs in the Oso slide tort after |
| 27 |      | plaintiff's attorney made averments of fraud. |
| 28 | 3.19 | On 10/31/16, G. amended his tort claim to show demonstrable proof of criminal action (malice) |
| 29 |      | in the Oso slide case against ATG. G. was unable to prove criminal action at the time of OSHA |
| 30 |      | settlement due to the meddling actions of Petrich, Osborne, and Delue. This claim was denied. |
| 32 | 3.20 | Hon. Carol Murphy is Presiding Judge in the Thurston Sup. Ct. and associated with the state |

COMPLAINT FOR DAMAGES — 5

David Golden
11826 N Mayfair Rd. #28
Spokane, WA 99218
goldend3@gmail.com
(360)915-2612

|   |      |
|---|------|
| 1 | ATG's office. Mrs. Murphy is married to Mike Sellars[2], who is employed by the Public |
| 2 | Employment Relations Commission (PERC), "the independent state agency for resolving labor |
| 3 | disputes".[3] |
| 4 | 3.21  On or about 11/4/2016, Hon. Carol Murphy issued judgment in case *Seattle Tunnel Partners v.* |
| 5 | *State* in favor of state denying damages for "Bertha" tunnel boring machine (TBM). |
| 6 | 3.22  Hon. Carol Murphy also issued judgment in civil case *Freedom Foundation v. Gregoire* |
| 7 | (executive privelege "Bertha" records) in favor of Gregoire in 2011. |

3.23  Jenny Durkan, served as US Attorney for western Washington from the time of G.'s original OSHA complaint and up until that time of final settlement.[4] She was appointed to this post by Barack Obama. Durkan also serves(d) as personal attorney to Gregoire. Durkan is, by self admission, "not just respected for obtaining favorable verdicts and multi-million dollar settlements, but also for her ability to resolve sensitive cases discretely".[5] Plaintiff was unaware of all facts contained in paragraph herein at time of OSHA settlement.

3.24  On 11/8/16, Pat McCarthy was elected state auditor. Gregoire and Dow Constantine worked on her campaign. All three were supporters of the ST3 tax levy - a $54 billion property tax increase for Seattle residents that passed by popular vote on that same day.

3.25  Members of the Sound Transit (ST) expert review panel (ERP) are selected cooperatively by the chairs of the state senate and house transportation committees (WSTC), the secretary of transportation, and the governor. The ERP makes significant recommendations to the legislature on construction projects.

3.26  On 11/14/16, G. filed an amended tort claim against the state of Washington for $70,000,000,000.00 in compounded actual damages for the gas tax and ST3 levy. This claim was denied by ATG.

3.27  Jay Inslee (WA governor), Cylvia Hayes (fiance of John Kitzhaber – OR governor), Jerry Brown (CA governor), Barack Obama (POTUS), and the Podestas are all associates of Tom Steyer.

---

[2] http://votingforjudges.org/08pri/div2/thur/thur3cm.html

[3] http://perc.wa.gov/executive-director-2/

[4] https://en.wikipedia.org/wiki/Jenny_Durkan

[5] http://www.jennydurkan.com/firm-profile

David Golden
11826 N Mayfair Rd. #28
Spokane, WA 99218
goldend3@gmail.com
(360)915-2612

COMPLAINT FOR DAMAGES – 6

3.28 In early 2013, G. contacted KOMO news reporter Tracy Vedder after seeing Vedder's "Under the Bridge" special regarding government corruption on the WSDOT 520 "mega"project. This special began airing in late 2012.

3.29 On 4/12/13, Sinclair Broadcast (SBGI) announced plans to acquire Fisher Communications "to bring stability and resources to KOMO TV".

3.30 On August 8th, 2013, SBGI followed through with the deal and acquired Fisher Communications.

3.31 KOMO employees Tracy Vedder, Kelley Just, and Jon Humbert (KOMO PROBLEM SOLVERS) were terminated in January of 2017.

3.32 On 5/19/17, Hon. Andrus dismissed this original action (with prejudice as to defendant WSBA) after G. proved leading organized crime (and RPC violations) against certain defendants. Andrus then awarded damages to Delue/ Petrich/ Osborne after G. proved he had no liability in the matter.[6]

3.33 On 7/12/17, G. proved leading organized crime again by intervening in the Skagit Bridge collapse lawsuit (No. 76310-5 State Court of Appeals).

3.34 On 7/20/17, G. proved leading organized crime again by intervening in the WSDOT/ Bertha ground settlement lawsuit (No. 16-2-26961 KCSC). In this case, Hon. Jim Rogers excluded G. from the proceedings stating, "It would prejudice the existing parties to this action".

3.35 On 9/22/17, G. proved leading organized crime again by intervening in the AP Public Records Act lawsuit (No. 17-2-04986-34 TCSC).

**IV. FIRST CAUSE OF ACTION:**
(as to defendants OIG, US DOL, US DOJ, Delue, Durkan, Obama, Osborne, Petrich, Sound Transit, WSDOT, and WA State Legislature)
LEADING ORGANIZED CRIME/ BREACH OF FIDUCIARY DUTY/ MALICOUS PROSECUTION/ INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/ BREACH OF CONTRACT/ MONEY LAUNDERING/ CONSPIRACY/ FRAUD/ ABUSE OF PROCESS

4.1 Plaintiff G. restates, as though fully set forth herein, each and every claim, assertion, and allegation contained in the preceding paragraphs.

---

[6] Washington Handbook on Civil Procedure. Karl B. Tegland and Douglas J. Ende. 2016-2017 Edition. Page 265.

David Golden
11826 N Mayfair Rd. #28
Spokane, WA 99218
goldend3@gmail.com
(360)915-2612

COMPLAINT FOR DAMAGES − 7

4.2  G. defended allegation of harassment in April, 2013 (see *Peterson v. Golden*) which resulted in the "ostensible acquittal" condition already established in paragraph 3.10. Again, defendant Osborne (under supervision of Petrich): (1) did not subpoena or depose any witness testimony (except the locksmith whom he regarded to plaintiff G. as unreliable and whom did not testify), (2) did not advise G. of any associations he had which may have been detrimental to G., (3) advised G. that he had no case, (4) refused to file documents in G.'s defense, and (5) advised G. to forego trial.

4.3  G. brought his own allegations of harassment against defendant WSDOT in March, 2013 (see *Golden v. WSDOT*). This effort resulted ultimately in a favorable settlement by defendant Delue. However, Delue: (1) advised G. to forego trial, (2) advised G. that he had no case, (3) advised G. to settle for less, (4) failed to subpoena or depose any witness testimony in G.'s defense, (5) failed to warn of the severity of the collateral action clause contained in 6 US §1142 4 B, and the gravity thereof. Lastly, Delue ordered G. to: (6) drop all active or pending bar complaints and (7) drop all FOIA request he had made.

4.4  As a direct and proximate cause of defendants' combined negligence and criminal action, (co)defendants were able to pass a $16.1 billion gas tax followed by a $54 billion property tax upon the citizens of Washington. These bonds are subject to forfeiture due to the fraudulent conditions of their procurance under RCW 9A.60.030 and RCW 9A.82.100(4)(f).

## V.  SECOND CAUSE OF ACTION:

(as to defendants Delue, Durkan, Gregoire, Osborne, Petrich, WSDOT, Sound Transit, and Brandt)
LEADING ORGANIZED CRIME/ ABUSE OF PROCESS/ CONSPIRACY/ MONEY LAUNDERING/ FRAUD/ MALICIOUS PROSECUTION

5.1  Plaintiff G. restates, as though fully set forth herein, each and every claim, assertation, and allegation contained in the preceding paragraphs.

5.2  G. was unable to find competent representation by any member of WSBA. G. was abandoned by his first attorney. She referred plaintiff to Brandt whom she classified as "a good attorney". Brandt betrayed case information (see TRO) either prior or just after G.'s consult visit. Durkan serves(d) as personal counsel to Gregoire.

5.3  Durkan was US Attorney for US DOJ at the time of G.'s OIG complaint. Durkan's relationship with Gregoire and her penchant for "resolving sensitive cases discretely" was damaging to G.

5.4  As a direct and proximate cause of defendants' combined actions, (co)defendants passed the taxes mentioned in paragraph 4.4. These bonds are subject to forfeiture due to the fraudulent conditions

COMPLAINT FOR DAMAGES – 8

David Golden
11826 N Mayfair Rd. #28
Spokane, WA 99218
goldend3@gmail.com
(360)915-2612

of their procurance under RCW 9A.60.030 and RCW 9A.82.100(4)(f).

## VI. THIRD CAUSE OF ACTION:

(as to defendants WSDOT, Sound Transit, SAO, OIG, ATG, Ferguson, Delue, Hammond, Inslee, Peterson, Nicholson, and Harrison)

LEADING ORGANIZED CRIME/ABUSE OF PROCESS/MALICOUS PROSECUTION/ CONSPIRACY/ MONEY LAUNDERING/ INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/ FRAUD/ BREACH OF CONTRACT

6.1 Plaintiff G. restates, as though fully set forth herein, each and every claim, assertion, and allegation contained in the preceding paragraphs.

6.2 G. did advise Delue, both prior and subsequent to OSHA mediation, that he was under duress. Despite this, Delue advised G. that his condition was due to general anxiety disorder (GAD), a *significant mental disability* that his psychologist had diagnosed him with. According to Delue, this condition barred G. from standing trial.

6.3 G. was unable to learn jurisprudence prior to OSHA mediation. G. was repeatedly disciplined for taking leave from work by Harrison and WSDOT to work on his case. As such, he had to rely, to his detriment, on the advice of Delue. Delue advised G. that the true value of his complaint was $50,000. G. vehemenently disagreed, but at mediation, he bizarrely watched Harrison converge on this same number, and not without significant effort from Delue. After this number came, and G. still did refuse it, state finally did offer $70,000 as a last number. At this time, and, "in confidence", Delue told G. that if he did not agree, he would get nothing as G. had no case.

6.4 After this day of mediation, but prior to final signature of the stipulated $70,000 contract, G. told Delue that he would not sign the OSHA agreement. In response, Delue told G. that he had no recourse, as he would be sued as well if he did not, implying further legal action against G.

6.5 As such, and in broad hindsight, G. can only conclude that all parties in this cause of action had separate agreement prior to mediation unbeknownst to G., and that the amount reached was not due to profound knowledge of law as Delue professed.

6.6 This separate agreement was damaging to the interests of G.

6.7 As a direct and proximate cause of defendants' actions, (co)defendants passed the taxes mentioned in paragraph 4.4. These bonds are subject to forfeiture due to the fraudulent conditions of their procurance under RCW 9A.60.030 and 9A.82.100(4)(f).

David Golden
11826 N Mayfair Rd. #28
Spokane, WA 99218
goldend3@gmail.com
(360)915-2612

COMPLAINT FOR DAMAGES – 9

## VII. FOURTH CAUSE OF ACTION:

(as to defendants Murphy, Gregoire, Inslee, and Thurston Co. Sup. Ct., ATG, WSDOT, Democratic Party, and WA State Legislature)

LEADING ORGANIZED CRIME/ BRIBERY/ MONEY LAUNDERING/ ABUSE OF PROCESS/ FRAUD/ CONSPIRACY/ TRADING IN PUBLIC OFFICE

7.1  Plaintiff G. restates, as though fully set forth herein, each and every claim, assertion, and allegation contained in the preceding paragraphs.

7.2  STP filed case *STP v. State* in Thurston Co. Sup. Ct. where Hon. Carol Murphy presides.

7.3  Murphy is associated with ATG and the unions through her husband, Mike Sellars.

7.4  Murphy decided case *Freedom Foundation v. Gregoire* in favor of Gregoire regarding "Bertha" records.

7.5  Immediate decision of *STP v State* subsequent to G. proving malice against ATG establishes a pattern of corrupt intent.

7.6  These actions are available to prosecution under RCW 9A.28.040, RCW 9A.68.010, RCW 9A.83.020, and 9A.82.100.

## VIII. FIFTH CAUSE OF ACTION:

(as to defendants Inslee, King Co. Sup. Ct., Andrus, Democratic Party, and WA State Legislature)

LEADING ORGANIZED CRIME /BRIBERY/ MONEY LAUNDERING/ INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/ ABUSE OF PROCESS/ FRAUD/ CONSPIRACY/ MALICIOUS PROSECUTION/ TRADING IN PUBLIC OFFICE

8.1  Plaintiff G. restates, as though fully set forth herein, each and every claim, assertion, and allegation contained in the preceding paragraphs.

8.2  G. requested transfer of his case to a sovereign nation prior to the May 19th, 2017 hearing scheduled by defendants. G. also asked for permission to amend his plea prior to the May 19th hearing.

8.3  Hon. Andrus denied all of G.'s motions although CR 15(a)(2) states "the court should freely give leave when justice so requires". Hon. Andrus then issued judgment against G. awarding damages to Delue/ Petrich/ Osborne after leading organized crime (and RPC violations - as Ferring/Delue's role as house counsel for AGC) had already been proven. Hon. Andrus also dismissed G.'s complaint with prejudice in regards to the corrupt organization WSBA.

8.4  Hon. Andrus' actions in this suit (and others) are suggestive of a *supervisory* role in the money

David Golden
11826 N Mayfair Rd. #28
Spokane, WA 99218
goldend3@gmail.com
(360)915-2612

COMPLAINT FOR DAMAGES — 10

laundering conspiracy. Sufficient evidence was provided prior to the May 19th hearing to begin *in Rem* proceedings to preserve G.'s bona fide interests of the laundered $70 billion (see paragraph 8.3). Instead, Hon. Andrus allowed defendants to go on a spending spree.

8.5 These actions are available to prosecution under RCW 9A.28.040, RCW 9A.68.010, RCW 9A.68.040, RCW 9A.83.020, and 9A.82.100.

IX. **SIXTH CAUSE OF ACTION:**
(as to defendants Democratic Party, Steyer, Inslee, Obama, and King Co. Sup. Ct.)
BRIBERY/ TRADING IN PUBLIC OFFICE/ LEADING ORGANIZED CRIME/ CONSPIRACY/ FRAUD/ MONEY LAUNDERING

9.1 Plaintiff G. restates, as though fully set forth herein, each and every claim, assertion, allegation contained in the preceding paragraphs.

9.2 Tom Steyer provides significant campaign contributions to Inslee, Obama, and Clinton; either directly or through the "Democratic" party.

9.3 Steyer holds major interests in renewable energy securities.

9.4 "Democratic" candidates Inslee, Clinton, and Obama have taken significant *knowing* action towards the advancement of renewable energies.

9.5 A pattern of corrupt intent has been established (beyond reasonable doub)t in the preceding paragraphs.

9.6 These actions are available to prosecution under RCW 9A.28.040, RCW 9A.68.010, RCW 9A.68.040, and RCW 9A.82.100.

X. **SEVENTH CAUSE OF ACTION:**
(as to defendant Sinclair Broadcasting, Democratic Party, WSDOT, and WA State Legislature)
CONSPIRACY/ LEADING ORGANIZED CRIME/ INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/ MONEY LAUNDERING/ FRAUD

10.1 Plaintiff G. restates, as though fully set forth herein, each and every claim, assertion, and allegation contained in the preceding paragraphs.

10.2 G. contacted KOMO news reporter Tracy Vedder by email (and alias) in early 2013 after viewing Vedder's KOMO "Under the Bridge" special regarding government corruption on the WSDOT 520 bridge "mega"project.

10.3 Attorneys Delue and Osborne advised G. not to contact any reporters.

David Golden
11826 N Mayfair Rd. #28
Spokane, WA 99218
goldend3@gmail.com
(360)915-2612

COMPLAINT FOR DAMAGES – 11

10.4 KOMO news was acquired by Sinclair Broadcasting in August of 2013.

10.5 G. kept contact with Vedder until early 2017 when Vedder and PROBLEM SOLVERS were terminated subsequent to notification of G.'s 12/14/16 lawsuit and true identity.

10.6 Acquisition of KOMO and termination of Vedder (and PROBLEM SOLVERS) has served to further the iinterests of the money laundering conspiracy.

10.7 Sinclair Broadcast (SBGI) and all contractual rights obtained are subject to forfeiture under RCW 9A.28.040 and RCW 9A.82.100.

## XI. RELIEF REQUESTED:

11.1 For declatory relief, to the effect that the settlement between the parties of August 2013 is invalid, and is null and void (as per RCW 9A.82.100(4)(f)).

11.2 Payment of all fees to prosecute defendants and recovery of all attorney fees (as per RCW 9A.82.100(4)(e)).

11.3 Injunctive relief (as per RCW 9A.82.100(2), (3), and (4)).

11.4 Forfeiture of all property (including Sinclair Broadcast (SBGI) as per RCW 9A.82.100(4)(f)).

11.5 $16.1 billion in actual damages for the gas tax (as per RCW 9A.82.100(4)(d)).

11.6 $54 billion in actual damages for the ST-3 tax (as per RCW 9A.82.100(4)(d)).

11.7 Punative damages (as per RCW 9A.82.100(4)(d)).

11.8 Criminal penalties (as per RCW 9A.82.100(13)).

11.9 For leave to amend this complaint as and when new claims arise.

11.10 For such other relief as the Court may deem proper.

I certify that this document contains **3893** words, in compliance with the Local Civil Rules.

DATED this 4th day of December, 2017.

David A. Golden
WA Professional Engineer #39855
Pro Se Plaintiff

David Golden
11826 N Mayfair Rd. #28
Spokane, WA 99218
goldend3@gmail.com
(360)915-2612

COMPLAINT FOR DAMAGES – 12

## **CERTIFICATE OF SERVICE**

I, David A Golden, certify that I caused to be served on the court, the foregoing REVISED COMPLAINT on 12/4/17. Defendants that have already been served with the original complaint or cannot be personally served with this revised complaint will be served the same through e-service or mail after the assignment of counsel and registration to this case.

_[signature]_

David Golden

Washington Professional Engineer #39855