UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID GOLDEN, (alias G. JEREMY THUNDERCLOUD, JOHNY BIGFISH), an individual,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF TRANSPORTATION, *et al.*,<br><br>Defendants. | Case No. C17-1877RSL<br><br>ORDER GRANTING THE FEDERAL DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on a motion to dismiss filed by the United States Office of the Inspector General, the United States Department of Labor, the United States Department of Justice, Jenny Durkan (acting in her official capacity as the U.S. Attorney for the Western District of Washington), and Barack Obama (acting in his official capacity as President of the United States), hereinafter, "the federal defendants." Dkt. # 4. This matter was removed from state court, where plaintiff filed this lawsuit against dozens of state and federal defendants. See Dkt. # 1. Plaintiff alleges that he made a complaint regarding faulty bridge inspections to the Washington State Auditor's Office in late 2012 and that the complaint was not investigated. He also references a number of current events, public figures, and incidents that seemingly have no connection to each other or to his whistleblower complaint. Plaintiff then lists causes of action against the federal defendants including leading organized crime, breach of fiduciary duty,

ORDER GRANTING THE FEDERAL
DEFENDANTS' MOTION TO DISMISS - 1

malicious prosecution, intentional infliction of emotional distress, breach of contract, money laundering, conspiracy, fraud, and abuse of process. Based on these allegations, he seeks the forfeiture of more than $70 billion flowing from certain state tax measures.

A district court must dismiss a claim if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

The federal defendants correctly argue that plaintiff's complaint does not give fair notice of the claims against them or allege facts which could give rise to a plausible inference that these defendants could be held liable in this action. The sum total of plaintiff's allegations against these defendants is that:

• the Office of Inspector General declined to investigate a complaint plaintiff filed and failed to interview him regarding the collapse of a bridge on I-5;

• the Department of Labor responded to a harassment complaint plaintiff filed against the Washington State Department of Transportation and failed to interview him regarding the collapse of the I-5 bridge;

• the Department of Justice was Ms. Durkan's employer at the time plaintiff filed his whistleblower complaint and failed to interview him regarding the collapse of the I-5 bridge;

ORDER GRANTING THE FEDERAL
DEFENDANTS' MOTION TO DISMISS - 2

- Ms. Durkan was the U.S. Attorney for the Western District of Washington when plaintiff filed his whistleblower complaint, previously worked for Christine Gregoire, has a "penchant for resolving sensitive cases discretely" (Dkt. # 101 at ¶ 5.3), and failed to interview plaintiff regarding the collapse of the I-5 bridge; and

- former President Obama appointed Ms. Durkan as U.S. Attorney for the Western District of Washington and failed to interview plaintiff regarding the collapse of the I-5 bridge.

The nature of plaintiff's claims against these defendants cannot be ascertained from the factual allegations, nor could one reasonably infer that the federal defendants could possibly be liable for the relief requested by plaintiff. Plaintiff did not file a response or opposition to the federal defendants' motion to dismiss: he has made no effort to illuminate his claims or to identify additional factual allegations which would make his claims plausible. A review of the documents plaintiff has filed, including his motion to strike and his motion to transfer venue, reveals no additional support for these claims.

For all of the foregoing reasons, the federal defendants' motion to dismiss (Dkt. # 4) is GRANTED, and the claims asserted against the U.S. Office of the Inspector General, the U.S. Department of Labor, the U.S. Department of Justice, Jenny Durkan, and Barack Obama are DISMISSED.

Dated this 8th day of February, 2018.

*[signature]*
Robert S. Lasnik
United States District Judge