UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID GOLDEN, (alias G. JEREMY THUNDERCLOUD, JOHNY BIGFISH), an individual,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF TRANSPORTATION, *et al.*,<br><br>Defendants. | Case No. C17-1877RSL<br><br>ORDER GRANTING SINCLAIR BROADCAST GROUP'S MOTION TO DISMISS |

This matter comes before the Court on a "Sinclair Broadcast Group, Inc.'s Motion to Dismiss and for a Pre-Filing Order." Dkt. # 18. This matter was removed from state court, where plaintiff filed this lawsuit against dozens of state and federal defendants. See Dkt. # 1. Plaintiff alleges that he made a complaint regarding faulty bridge inspections to the Washington State Auditor's Office in late 2012 and that Sinclair Broadcast Group ("SBG") acquired another communications company and terminated certain employees, thereby furthering "the []interests of the money laundering conspiracy" and subjecting SBG and all its contractual rights to forfeiture. Dkt. # 1-1 at 13. Plaintiff lists causes of action against this defendant, namely conspiracy, leading organized crime, intentional infliction of emotional distress, money laundering, and fraud.

ORDER GRANTING SINCLAIR BROADCAST
GROUP'S MOTION TO DISMISS - 1

1    A district court must dismiss a claim if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

SBG seeks dismissal of the claims asserted against it on the grounds that it was not properly served and that plaintiff's complaint does not allege facts which could give rise to a plausible inference that defendant could be held liable in this action. Both grounds have merit. There is no evidence that plaintiff served SBG. Rather, it appears that plaintiff served SBG's subsidiary, Sinclair Broadcasting of Seattle, LLC. With regards to the allegations of the complaint, the sum total of the allegations against SBG is that:

- SBG is a large, diversified television broadcasting company that acquired Fisher Communications and KOMO News in August 2013;
- in 2012, KOMO News reporter Tracy Vedder began airing a special report regarding government corruption in the SR 520 bridge replacement project;
- between 2013 and 2017, plaintiff was in contact with Mr. Vedder;
- SBG terminated Vedder's employment in early 2017;
- the termination has furthered the interests of a conspiracy; and
- SBG failed to interview plaintiff regarding the collapse of the I-5 bridge.

ORDER GRANTING SINCLAIR BROADCAST
GROUP'S MOTION TO DISMISS - 2

1 | These allegations do not satisfy the elements of any of the claims asserted against SBG, nor could one reasonably infer that SBG and its contracts could possibly be subject to forfeiture. Plaintiff did not file a response or opposition to SBG's motion to dismiss: he has made no effort to prove service or to identify additional factual allegations which would make his claims plausible. A review of the documents plaintiff has filed, including his motion to strike and his motion to transfer venue, reveals no additional support for these claims.

For all of the foregoing reasons, SBG's motion to dismiss (Dkt. # 18) is GRANTED under both Rule 12(b)(5) and Rule 12(b)(6). The claims asserted against SBG are DISMISSED. SBG further seeks an order barring plaintiff from filing pro se lawsuits in federal court without prior court review. This is the first time plaintiff has asserted claims against SBG, however, and there is insufficient evidence of abusive litigation initiated by plaintiff. The motion for a pre-filing order is DENIED.

Dated this 8th day of February, 2018.

Robert S. Lasnik
United States District Judge

ORDER GRANTING SINCLAIR BROADCAST
GROUP'S MOTION TO DISMISS - 3